Daniel, Judge,
after stating the case as above, proceeded as follows: When a debtor is in custody, or who is arrested on a ca. sa. wishes to have the benefit of the insolvent act, he shall, for the benefit of his creditors, file a schedule of his property with the Clerk of the Court, at least ten days before the sitting of the Court at which he proposes to avail himself of the benefit. 1 Rev. Stat. ch. 58, sec. 12. All the property and debts contained in such schedule shall vest in the sheriff of the county where such schedule shall be filed. The sheriff shall sell the property and collect the debts, and upon oath pay the same into Court where the schedule Was filed, to be distributed. Sec. 14. The sheriff'thus becomes the legal assignee of all the property, debts and effects of the insolvent, for the purpose of collection and paying into Court. It is unnecessary now to enquire whether, when the insolvent is discharged, the sheriff’s title as assignee begins upon, and relates back to, the day when the insolvent filed his schedule in the clerk’s office. When the funds are collected by the sheriff and paid into Court, the Court-shall appoint two commissioners to examine the claims of all and singular the creditors, as well those at whose suit the insolvent was committed as of all others. And they shall make distribution among each and every of the creditors who shall prove their debts, in proportion to their respective demands. And the clerk shall pay such monies into the hands of the two commissioners, for the purposes aforesaid; sec. 15. Thus it appears that an adjudication or order that the sheriff should sell the property in the schedule to satisfy the plaintiff’s demand, would have been in direct hostility to the law — for the plaintiff had no other interest in that property than such as was common to all the creditors of the insolvent. No such adjudication was made — and the writ issued by the clerk to *464 enforce such supposed adjudication, was wholly without authority. We are at a loss, therefore, to see how it was possible to maintain either of the two breaches assigned, either that the sheriff had collected a judgment of the plaintiff, or had neglected to collect such a judgment. The true course of proceeding would have been to have a rale of Court on the sheriff to sell the property so assigned, and bring the money into Court, and to attach him, if the rule were not complied with.
As to the breach assigned, in such general and broad terms, as the third breach in this case is, the Court could not receive any evidence. The defendant could not know how to defend himself. However, the charge of the Judge was applicable only to the first breach assigned. For the reasons given, we think it was erroneous, and therefore that the judgment must be reversed and a new trial awarded.
Per Curiam. Judgment reversed.